MARIA MORDA, Appellant, v. W. E. WIND, Doing Business under the Firm Name and Style of WIND'S BAKERY, and CHARLES DAVIS, Respondents.— Same decision and like cause of action as in companion case last above.  Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

CORINNE L. MAHON and MARY MAHON, Respondents, v. FRANCIS K. REMINGTON, CAROLYN L. REMINGTON and EDMUND HECKLE, Appellants.— Judgment affirmed, with costs.  Memorandum: The order discontinuing plaintiffs' prior action against defendants annulled all proceedings had in connection therewith and rendered the pleadings ineffective.  (*Loeb* v. *Willis*, 100 N. Y. 231, 235.  See 2 Carmody's N. Y. Practice, p. 1481, § 811.)  We are also of the opinion that the judgment is in accord with recently established law.  (*Johnson* v. *Meyer*, 268 N. Y. 701; *Rochester Trust & Safe Deposit Co.* v. *Hatch*, 273 id. 507; *Union Trust Co. of Rochester* v. *Kaplan*, 249 App. Div. 280; *Genesee Valley Nat. Bank & Trust Co.* v. *Collister*, 248 id. 671; *Genesee Valley Nat. Bank & Trust Co.* v. *Collister*, *No. 2*, 249 id. 924.)  All concur.  (The judgment is for plaintiffs in an action for interest due on a bond and mortgage.)  Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

FRED HARTMAN, as Administrator, etc., of MARY HARTMAN, Deceased, Respondent, v. S & M FORWARDING COMPANY and JESSE B. ALTER, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $5,500, $500 of which relates to the second cause of action, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party.  Memorandum: Examination of the record convinces us that a verdict in favor of the plaintiff against the defendants is supported by the evidence and is not against its weight.  All concur.  (The judgment is for plaintiff in an automobile negligence action.  The order denies a motion for a new trial.)  Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

GLENN R. HILFIKER and GENERAL EXCHANGE INSURANCE CORPORATION, Appellants, v. MILO ADAMS, Respondent.— Judgment affirmed, with costs.  Memorandum: A car owned and operated by plaintiff Hilfiker and one owned and operated by the defendant collided at a road intersection.  The defendant had the statutory right of way (Vehicle and Traffic Law, § 82, subd. 4.)  Of course, such right of way is not absolute.  (*Shuman* v. *Hall*, 246 N. Y. 51; *Plantz* v. *Greiner*, 232 App. Div. 73.)  However, plaintiff's own recital of the way in which the accident occurred plainly shows that he does not bring himself within the doctrine laid down in the cited cases, and a nonsuit was properly granted on the ground that plaintiff himself, as a matter of law, was guilty of negligence contributing to the accident.  All concur.  (The judgment dismisses the complaint in an automobile negligence action.)  Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.