Solomon v HSBC Bank USA, N.A. (2020 NY Slip Op 03938)





Solomon v HSBC Bank USA, N.A.


2020 NY Slip Op 03938


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-00117
2018-03115
 (Index No. 500037/17)

[*1]Jillian Solomon, et al., appellants, 
v
HSBC Bank USA, National Association, etc., et al., respondents.


Marc E. Scollar, Staten Island, NY, for appellants.
Hogan Lovells US LLP, New York, NY (Lisa J. Fried, Chava Brandriss, and Robin L. Muir of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 9, 2017, and (2) an order of the same court dated February 14, 2018. The order dated November 9, 2017, denied the plaintiffs' motion, inter alia, for summary judgment on the complaint, and granted the defendants' cross motion for summary judgment dismissing the complaint. The order dated February 14, 2018, denied the plaintiffs' motion pursuant to CPLR 2221, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, their prior motion, inter alia, for summary judgment on the complaint and their opposition to the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated February 14, 2018, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated November 9, 2017, is modified, on the law, by deleting the provision thereof granting the defendants' cross motion for summary judgement dismissing the complaint, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order dated February 14, 2018, must be dismissed. The plaintiffs' motion, denominated as one for leave to renew and reargue, did not offer any new facts that had not been offered on their prior motion, inter alia, for summary judgment on the complaint. Therefore, the motion, although denominated as one for leave to renew and reargue, was, in actuality, only for leave to reargue, the denial of which is not appealable (see CPLR 2221[d][2]; [e][2]; Landmark Capital Partners, LLC v Greaves, 164 AD3d 573, 574; Arch Bay Holdings, LLC-Series 2010C v Daisy, 132 AD3d 787, 788).
On December 13, 2006, Jillian Solomon executed a note in the amount of $488,000 [*2]in favor of First United Mortgage Banking Corp. (hereinafter First United), which was secured by a mortgage on property located in Brooklyn. After Solomon defaulted on her payment obligations, First United commenced an action to foreclose the mortgage. In March 2009, the caption of the foreclosure action was amended to substitute HSBC Bank USA, National Association (hereinafter HSBC), as the plaintiff in the action.
In June 2012, HSBC moved, inter alia, for leave to discontinue the foreclosure action due to a possible defect in the chain of title, and the Supreme Court granted the motion. On November 14, 2012, HSBC commenced a second action to foreclose the mortgage against, among others, Solomon and Grand National Realty 1, LLC (hereinafter GNR), to whom Solomon had previously conveyed the subject property. In May 2015, the second foreclosure action was dismissed based upon HSBC's failure to effectuate proper service of process upon GNR.
In January 2017, Solomon and GNR (hereinafter together the plaintiffs) commenced this action pursuant to RPAPL 1501(4) against HSBC and the master servicer and securities administrator for the trust, Wells Fargo Bank, N.A., as attorney-in-fact for HSBC (hereinafter Wells Fargo; together with HSBC, the defendants), to cancel and discharge of record the mortgage on the ground that the statute of limitations for commencing an action to foreclose the mortgage had expired. The plaintiffs moved, inter alia, for summary judgment on the complaint. The defendants opposed the plaintiffs' motion and cross-moved for summary judgment dismissing the complaint, inter alia, on the ground that there was no evidence that the debt was ever accelerated, and therefore, that the statute of limitations had not expired. The Supreme Court denied the plaintiffs' motion, and granted the defendants' cross motion. The plaintiffs appeal.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage had expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see Diji v Deutsche Bank Natl. Trust Co., 177 AD3d 675; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Lubonty v U.S. Bank N.A., 159 AD3d at 963). An acceleration of a mortgage debt can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152; see Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
Here, the plaintiffs failed to sustain their initial burden of demonstrating, prima facie, that the statute of limitations for commencing an action to foreclose the mortgage had expired. In support of their motion, the plaintiffs, relying on the complaint filed in the second foreclosure action commenced by HSBC, argued that the loan was accelerated either as of August 1, 2007, the date from which interest allegedly accrued, or September 1, 2007, the date that Solomon allegedly defaulted in payment. However, the plaintiffs failed to establish that the loan was accelerated on either such date (see Milone v US Bank N.A., 164 AD3d at 152). Moreover, the plaintiffs did not submit a copy of the summons and complaint filed in the first foreclosure action commenced by First United. Thus, the plaintiffs failed to demonstrate that the first foreclosure action constituted a valid election to accelerate the mortgage, as there was no evidence to demonstrate that First United elected to call due the entire amount secured by the mortgage (see Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d at 844). Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the defendants' opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, with respect to the cross motion, the defendants also failed to establish their [*3]prima facie entitlement to summary judgment. The defendants argued on their cross motion that any purported acceleration of the debt by First United upon commencing the first foreclosure action in 2007 was not valid because First United lacked standing. However, the defendants failed to demonstrate, prima facie, that First United lacked standing at the time the foreclosure action was commenced. A pooling and servicing agreement dated June 1, 2007, submitted by the defendants did not demonstrate that the subject note had been assigned to a loan trust before First United commenced the foreclosure action (see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 708). Additionally, while the defendants offered the affidavit of Andrea Kruse, a vice president of loan documentation for Wells Fargo, who averred, based upon her review of Wells Fargo's servicing records with respect to the subject mortgage loan, that the subject note, endorsed in blank by First United, and the original mortgage were physically delivered to Wells Fargo on or about December 28, 2006, the business records she purported to describe to establish this fact were not submitted with her affidavit. Thus, Kruse's affidavit in this regard was inadmissible hearsay, which failed to satisfy the defendants' prima facie burden (see Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners, 172 AD3d 663, 664; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). Furthermore, contrary to the defendants' alternative contention, HSBC's voluntary discontinuance of the first foreclosure action did not, by itself, constitute an affirmative act to revoke the election to accelerate the debt (see Christiana Trust v Barua, ___ AD3d ___, 2020 NY Slip Op 03095 [2d Dept]; Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners, 172 AD3d at 664; Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633, lv granted in part 33 NY3d 1039).
Accordingly, while we agree with the Supreme Court's denial of the plaintiffs' motion, inter alia, for summary judgment on the complaint, the court should have denied the defendants' cross motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court