U.S. Bank, N.A. v DeGroat (2020 NY Slip Op 04992)





U.S. Bank, N.A. v DeGroat


2020 NY Slip Op 04992


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-00444
 (Index No. 30798/17)

[*1]U.S. Bank, National Association, etc., appellant,
v
Stephen F. DeGroat, etc., et al., defendants, Rocco Iodice, etc., respondent.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for appellant.
The Lauterbach Law Firm, New City, NY (Jennifer L. Fredeman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 10, 2018. The order, insofar as appealed from, granted the cross motion of the defendant Rocco Iodice for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Rocco Iodice for summary judgment dismissing the complaint insofar as asserted against him is denied.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). An acceleration of a mortgage debt can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152).
Here, the defendant Rocco Iodice (hereinafter the defendant) failed to sustain his initial burden of demonstrating, prima facie, that the action was untimely. In support of his cross motion, the defendant failed to submit a copy of the summons and complaint in the prior action. Under the circumstances, the Supreme Court was without a basis to determine whether the plaintiff, in commencing the prior action, accelerated the debt by electing to call due the entire amount secured by the mortgage (see Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
Accordingly, the Supreme Court should have denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court