Wells Fargo Bank, N.A. v Islam (2020 NY Slip Op 06823)





Wells Fargo Bank, N.A. v Islam


2020 NY Slip Op 06823


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-01761
 (Index No. 704337/17)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Abul Fazal T. Islam, etc., appellant, et al., defendants.


Queens Legal Services, Jamaica, NY (Stacey Woods and Alexander Matezos of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Abul Fazal T. Islam appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered December 5, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Abul Fazal T. Islam which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is granted.
On June 3, 2005, the defendant Abul Fazal T. Islam (hereinafter the defendant) executed a note in favor of Fremont Investment & Loan, which was secured by a mortgage on real property located in Queens. On or about July 24, 2008, the plaintiff, as successor in interest to the note, commenced an action against the defendant, among others, to foreclose the mortgage, alleging that the defendant failed to make the payment that was due on August 1, 2007. On or about June 25, 2013, the plaintiff discontinued the prior action.
On March 30, 2017, the plaintiff commenced the instant action to foreclose the same mortgage, alleging that the defendant failed to make the payment due on May 1, 2011. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, arguing that the plaintiff never affirmatively revoked its 2008 acceleration of the debt and that more than six years had elapsed prior to the commencement of this action. In an affidavit submitted in support of the motion, the defendant averred that he never received notice that the 2008 action was discontinued and he believed that the property had been foreclosed upon. The defendant did not understand why, in 2013, he began receiving statements from a new servicer, as the locks had been changed and he could not enter the property. The defendant averred: "I have never received a letter from Plaintiff informing me of its intention to revoke acceleration of the mortgage debt."
In opposition to the motion, the plaintiff submitted an attorney's affirmation, in which it argued that "the prior acceleration was timely revoked when [the plaintiff] voluntarily discontinued [*2]the prior foreclosure action, without prejudice." The plaintiff argued that the discontinuance "necessarily returned [the defendant's] loan to installment status." Noting that the two complaints alleged different dates of default, the plaintiff's attorney affirmed that "the default date was advanced and has a different unpaid balance."
In an order entered December 5, 2017, the Supreme Court denied the defendant's motion, holding that the plaintiff's "voluntary discontinuance [of the 2008 action] served as a revocation of plaintiff's election to accelerate." The defendant appeals. We reverse insofar as appealed from.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Rakusin v Miano, 84 AD3d 1051, 1052; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 730). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752; see Stewart v GDC Tower at Greystone, 138 AD3d at 730).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632, lv granted in part 33 NY3d 1039; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Freedom Mtge. Corp. v Engel, 163 AD3d at 632, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]; see Milone v US Bank N.A., 164 AD3d 145, 154; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935).
Here, the defendant demonstrated that the six-year statute of limitations began to run on or about July 24, 2008, when the plaintiff accelerated the mortgage debt through its commencement of the 2008 foreclosure action (see Freedom Mtge. Corp. v Engel, 163 AD3d at 632-633; U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892). Since the plaintiff did not commence the instant action until March 30, 2017, more than six years after the commencement of the 2008 action, the defendant established, prima facie, that the instant action was untimely (see Deutsche Bank Trust Co. Ams. v Smith, 170 AD3d 660, 660-661; 21st Mtge. Corp. v Osorio, 167 AD3d 823, 825; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809).
In opposition, the plaintiff failed to raise a question of fact as to the timeliness of this action. "[A] lender's mere act of discontinuing an action, without more, does not constitute, in and of itself, an affirmative act revoking an earlier acceleration of the debt" (Christiana Trust v Barua, 184 AD3d 140, 146-147; see Bank of N.Y. Mellon v Yacoob, 182 AD3d 566; HSBC Bank, N.A. v Vaswani, 174 AD3d 514, 515; Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d 1324, 1326; Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners, 172 AD3d 663; Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 809; Freedom Mtge. Corp. v Engel, 163 AD3d at 633; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658; cf. NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070 [described in Christiana Trust v Barua (184 AD3d at 147 n 1) as an "outlier"]).
None of the other facts relied upon by the plaintiff establish that the 2008 acceleration of the loan balance was affirmatively revoked. "[D]e-acceleration notices must . . . be clear and unambiguous to be valid and enforceable" (Milone v US Bank N.A., 164 AD3d 145, 153; see Christiana Trust v Barua, 184 AD3d at 146). While the plaintiff points to the fact that the defendant [*3]purportedly received billing statements after the first action was discontinued and that the second complaint alleged a different date of default, these facts do not establish that a clear and unambiguous notice of revocation of the acceleration was given to the defendant. The plaintiff, who would presumably have access to copies of any notices or billing statements sent to the defendant, offered none of these documents in opposition to the defendant's motion. Speculation that something outside the record might establish a clear and unequivocal de-acceleration is insufficient to raise a question of fact. Although we agree with our dissenting colleague's assertion that, in opposition to a CPLR 3211(a)(5) motion, a plaintiff need not establish the action's timeliness "as a matter of law" (dissenting op at 5), in order to raise a question of fact it was incumbent on the plaintiff to proffer a "version of the facts in evidentiary form" that, if found by a fact-finder to be true, establishes a valid de-acceleration (Ehrlich v Am. Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259 [it is "essential" that a party seeking to raise a triable issue of fact "state (its) version of the facts in evidentiary form"]; see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290; Kramer v Harris, 9 AD2d 282, 283).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
BALKIN, J.P., LEVENTHAL and CONNOLLY, JJ., concur.
MILLER, J., dissents, and votes to affirm the order insofar as appealed from, with the following memorandum:
I agree that the plaintiff has failed to affirmatively establish, as a matter of law, that the action is timely. However, a plaintiff is not required to make such a showing in response to a motion pursuant to CPLR 3211(a). Rather, a plaintiff need only produce evidence that raises a question of fact in opposition to the defendant's prima facie case. Since the record in this case is far from conclusive on the statute of limitations defense raised by the defendant, there is no basis upon which to dismiss this action at this preliminary stage. Accordingly, and for the reasons that follow, I must respectfully dissent.
CPLR 3211(a)(5) authorizes "[a] party [to] move for judgment dismissing one or more causes of action asserted against [them] on the ground that . . . the cause of action may not be maintained because of . . . [a] statute of limitations." "In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834; see Faison v Lewis, 25 NY3d 220, 224; Ford v Phillips, 121 AD3d 1232, 1234; 6D Farm Corp. v Carr, 63 AD3d 903, 905; see also Leon v Martinez, 84 NY2d 83, 87-88).
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Stewart v GDC Tower at Greystone, 138 AD3d 729, 729; see Campone v Panos, 142 AD3d 1126, 1127). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see U.S. Bank N.A. v Gordon, 158 AD3d at 834-835; Stewart v GDC Tower at Greystone, 138 AD3d at 730).
In this case, in support of his motion, the defendant submitted a copy of the complaint from the 2008 action. That complaint lists the default date as August 1, 2007, and the amount due as $422,293.44. In opposition to the defendant's showing, the plaintiff submitted evidence that it had voluntarily discontinued the 2008 action. Notably, the complaint in the instant action lists the default date as May 1, 2011, and the amount due as $402,776.71. The defendant acknowledged that "[s]ometime in 2013, I started to receive mortgage statements from a new servicer." Under the [*4]circumstances, the plaintiff's submissions in opposition were more than adequate to raise a question of fact as to whether the plaintiff revoked its election to accelerate before the statute of limitations had expired.
As the Supreme Court in this case properly concluded, the voluntary discontinuance of the 2008 action constituted formal and unequivocal notice that the plaintiff was withdrawing its complaint and all of the requests for relief contained therein (see Mahon v Remington, 256 App Div 889, 889; see also Loeb v Willis, 100 NY 231, 235). Under these circumstances, the plaintiff "destroy[ed] the effect" of the election that it had made in the complaint in the 2008 action by affirmatively discontinuing that action and formally withdrawing its only request for that relief (Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; cf. Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658). While it is true that "a revocation of a plaintiff's election to accelerate a mortgage debt does not automatically occur upon a discontinuance of a mortgage foreclosure action" (U.S. Bank Natl. Assn. v McCaffery, 186 AD3d 897, 899; see Solomon v HSBC Bank USA, N.A., 185 AD3d 860, 863), where, as here, the commencement of the prior action constituted the only evidence in the record showing that the plaintiff had ever demanded the immediate payment of the entire mortgage debt, evidence showing that the complaint in that action had been affirmatively withdrawn by the plaintiff in connection with a voluntary discontinuance is sufficient to raise a question of fact as to whether the plaintiff revoked its election to accelerate (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070; see also U.S. Bank N.A. v Charles, 173 AD3d 564, 565; Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509; but see Christiana Trust v Barua, 184 AD3d 140).
Contrary to the defendant's contention, a plaintiff opposing a prima facie showing under CPLR 3211(a)(5) is not required to conclusively establish, as a matter of law, that the action is timely. Rather, the plaintiff need only rebut the defendant's prima facie showing with evidence that raises a question of fact (see Pennymac Corp. v McGlade, 176 AD3d 963, 965-966). As this Court has previously recognized, in this very context, "'[s]ometimes . . . whether maturity has arrived through acceleration can be a question of fact'" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983, quoting 1 Bergman on New York Mortgage Foreclosures § 5.11[3]; cf. LPP Mtge. Ltd. v Gold, 44 AD3d 718, 719). Inasmuch as there is no basis, at this stage, to require the plaintiff to affirmatively establish that this action is timely as a matter of law, there is no basis to require the production of evidence that would conclusively establish that the plaintiff formally agreed to continue to accept prospective monthly payments (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070; cf. Connell v Hayden, 83 AD2d 30, 39). Such an evidentiary showing would satisfy, as a matter of law, the plaintiff's ultimate burden of proof on this issue, as it would unequivocally constitute "'an affirmative act of revocation'" (Milone v US Bank N.A., 164 AD3d 145, 154, quoting NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1069). Under these circumstances, the Supreme Court was correct in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5), to dismiss the complaint insofar as asserted against him as time-barred. Accordingly, I respectfully dissent.
ENTER:
Aprilanne Agostino
Clerk of the Court