Wells Fargo Bank, N.A. v Islam (2021 NY Slip Op 02439)





Wells Fargo Bank, N.A. v Islam


2021 NY Slip Op 02439


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-01761 ON MOTION
 (Index No. 704337/17)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Abul Fazal T. Islam, etc., appellant, et al., defendants.


Queens Legal Services, Jamaica, NY (Stacey Woods and Alexander Matezos of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
Motion by the respondent, in effect, for leave to renew an appeal from an order of the Supreme Court, Queens County, entered December 5, 2017, which was determined by decision and order of this Court dated November 18, 2020.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the motion, in effect, for leave to renew is granted, and upon renewal, the decision and order of this Court dated November 18, 2020 (Wells Fargo Bank, N.A. v Islam, 188 AD3d 1116), in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:
In an action to foreclose a mortgage, the defendant Abul Fazal T. Islam appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered December 5, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. Justices Iannacci and Christopher have been substituted for former Justices Balkin and Leventhal (see 22 NYCRR 1250.1[b]).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 3, 2005, the defendant Abul Fazal T. Islam (hereinafter the defendant) executed a note in favor of Fremont Investment & Loan, which was secured by a mortgage on real property located in Queens. On or about July 24, 2008, the plaintiff, as successor in interest to the note, commenced an action against the defendant, among others, to foreclose the mortgage, alleging that the defendant failed to make the payment that was due on August 1, 2007. On or about June 25, 2013, the plaintiff discontinued the prior action.
On March 30, 2017, the plaintiff commenced the instant action to foreclose the same [*2]mortgage, alleging that the defendant failed to make the payment due on May 1, 2011. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, arguing that the plaintiff never affirmatively revoked its 2008 acceleration of the debt and that more than six years had elapsed prior to the commencement of this action. In an affidavit in support of the motion, the defendant averred that he never received notice that the 2008 action was discontinued and he believed that the property had been foreclosed upon. The defendant did not understand why, in 2013, he began receiving statements from a new servicer, as the locks had been changed and he could not enter the property. The defendant averred: "I have never received a letter from Plaintiff informing me of its intention to revoke acceleration of the mortgage debt."
In opposition to the motion, the plaintiff submitted an attorney's affirmation, in which it argued that "the prior acceleration was timely revoked when [the plaintiff] voluntarily discontinued the prior foreclosure action, without prejudice." The plaintiff argued that the discontinuance "necessarily returned [the defendant's] loan to installment status." Noting that the two complaints alleged different dates of default, the plaintiff's attorney affirmed that "the default date was advanced and has a different unpaid balance."
In an order entered December 5, 2017, the Supreme Court denied the defendant's motion, holding that the plaintiff's "voluntary discontinuance [of the 2008 action] served as a revocation of plaintiff's election to accelerate." The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Rakusin v Miano, 84 AD3d 1051, 1052; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 730). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752; see Stewart v GDC Tower at Greystone, 138 AD3d at 730).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). "[W]here the maturity of the debt has been validly accelerated by [the] commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, ___ NY3d ___, ___, 2021 NY Slip Op 01090, *2).
Here, the defendant failed to demonstrate, prima facie, that the time to commence the action had expired, as the plaintiff's voluntary discontinuance constituted a revocation of the 2008 acceleration (see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
MILLER, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court