Deutsche Bank Natl. Trust Co. v Gendelman (2021 NY Slip Op 03824)





Deutsche Bank Natl. Trust Co. v Gendelman


2021 NY Slip Op 03824


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-09789
 (Index No. 3860/11)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Tanya Gendelman, et al., defendants; Laurel Avenue Investors Corp., appellant.


Avinoam Rosenfeld, Lawrence, NY, for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Benjamin Noren of counsel), for respondent.



DECISION & ORDER
In a consolidated action to foreclose a consolidated mortgage, the defendant Laurel Avenue Investors Corp. appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated April 20, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike its answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2006, the defendants Tanya Gendelman and Igor Mykhalkin (hereinafter together the mortgagors) executed a consolidation, extension, and modification agreement pursuant to which a consolidated note was executed in the sum of $580,000, secured by a consolidated mortgage lien against the subject property, located in Brooklyn. On January 10, 2011, the consolidated note and mortgage were assigned to the plaintiff, Deutsche Bank National Trust Company.
The mortgagors allegedly failed to make a monthly mortgage payment that was due on April 1, 2007, and subsequent payments. In February 2011, the plaintiff commenced a foreclosure action against the mortgagors, among others (hereinafter the first action).
In December 2011, the subject property allegedly was sold to Laurel Avenue Investors Corp. (hereinafter Laurel Avenue). In January 2012, the Supreme Court granted Mykhalkin's motion to dismiss the complaint in the first action insofar as asserted against him for lack of proper service. In December 2014, the plaintiff commenced a second action to foreclose the consolidated mortgage against Mykhalkin and Laurel Avenue, among others (hereinafter the second action). In December 2016, the plaintiff moved, inter alia, to consolidate the first action and the second action, for summary judgment on the complaint insofar as asserted against Laurel Avenue, to strike its answer, and for an order of reference. Laurel Avenue opposed the motion, contending, among other things, that the statute of limitations had expired. In an order dated April 20, 2018, the court granted the plaintiff's motion. Laurel Avenue appeals.
Laurel Avenue's contention that the Supreme Court erred in granting summary judgment because the plaintiff failed to comply with RPAPL 1304 is without merit. Although Laurel Avenue, as the alleged current owner of the subject property, is a proper party to this consolidated foreclosure action, failure to comply with RPAPL 1304 is a personal defense which cannot be asserted by Laurel Avenue, a stranger to the consolidated note and mortgage (see HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 799; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024). Similarly, Laurel Avenue lacks standing to raise as a defense to this consolidated action the plaintiff's alleged failure to serve a notice of default in accordance with the terms of the consolidated mortgage (see Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d at 1024).
Laurel Avenue also failed to satisfy its initial burden of demonstrating, prima facie, that the time within which to commence an action to foreclose the consolidated mortgage has expired (see U.S. Bank, N.A. v DeGroat,186 AD3d 1454, 1455; Solomon v HSBC Bank USA, N.A., 185 AD3d 860, 862-863; Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
Laurel Avenue's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court