U.S. Bank, N.A. v Heirs & distributees of the estate of Morris Kaplan (2021 NY Slip Op 04680)





U.S. Bank, N.A. v Heirs & distributees of the estate of Morris Kaplan


2021 NY Slip Op 04680


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-07672
 (Index No. 709110/17)

[*1]U.S. Bank, National Association, etc., appellant,
v
Heirs and distributees of the estate of Morris Kaplan, et al., defendants, Neil Zachary Kaplan, etc., respondent.


Hinshaw & Culbertson, LLP, New York, NY (Mitra P. Singh of counsel), for appellant.
Wenig Salitiel LLP, Brooklyn, NY (Meryl L. Wenig and Marvin Ben-Aron of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered April 13, 2018. The order granted the motion of the defendant Neil Zachary Kaplan pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Neil Zachary Kaplan pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him is denied.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608). A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]). An acceleration of a mortgage debt can occur by commencing a foreclosure action which seeks "payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152).
Here, the defendant Neil Zachary Kaplan (hereinafter the defendant) failed to sustain his initial burden of demonstrating, prima facie, that the action was untimely. In support of his motion, the defendant failed to submit a copy of the summons and complaint filed in the prior action. Thus, contrary to the defendant's contention, he failed to demonstrate that the prior foreclosure action constituted a valid election to accelerate the mortgage (see U.S. Bank, N.A. v DeGroat, 186 AD3d 1454, 1455; Solomon v HSBC Bank USA, N.A., 185 AD3d 860, 862-863; Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
The plaintiff's remaining contention relating to standing to accelerate the loan need not be addressed in light of our determination.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.

2018-07672 DECISION & ORDER ON MOTION
U.S. Bank, National Association, etc., appellant,
v Heirs and Distributees of the estate of
Morris Kaplan, et al., defendants, Neil Zachary
Kaplan, etc., respondent.
(Index No. 709110/17)

Motion by the respondent, inter alia, to strike Point 1B of the appellant's brief on an appeal from an order of the Supreme Court, Queens County, entered April 13, 2018, on the ground that it refers to matter dehors the record and/or improperly raises issues for the first time on appeal. By decision and order on motion of this Court dated May 15, 2019, that branch of the motion which is to strike Point 1B of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike Point 1B of the appellant's brief is denied as academic in light of our determination of the appeal.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court