Federal Natl. Mtge. Assn. v Metz (2023 NY Slip Op 01181)

Federal Natl. Mtge. Assn. v Metz

2023 NY Slip Op 01181

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-13112
 (Index No. 601279/18)

[*1]Federal National Mortgage Association, etc., appellant,
v
Brian Metz, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for appellant.
David M. Harrison, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 29, 2019. The order, insofar as appealed from, in effect, searched the record and awarded summary judgment to the defendants dismissing the complaint as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
In 2018, the plaintiff commenced this action against the defendant Bryan Metz, among others, to foreclose a mortgage on real property located in Glen Cove. Metz served an answer in which he asserted various affirmative defenses, including expiration of the statute of limitations.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Metz, to strike Metz's answer, and for an order of reference. Metz opposed the motion, arguing that the action was time-barred by virtue of the commencement of a prior foreclosure action in 2009. By order entered January 29, 2019, the Supreme Court, among other things, in effect, searched the record and awarded summary judgment to the defendants dismissing the complaint as time-barred. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Even if a mortgage is payable in installments, once a noteholder elects to accelerate the debt, the entire amount is due and the statute of limitations begins to run on the entire debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). "[T]o be valid, an election to accelerate must be made by an unequivocal overt act that discloses the noteholder's choice, such as the filing of a verified complaint seeking foreclosure and containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, 37 NY3d at 22 [internal quotation marks omitted]; see U.S. Bank N.A. v Doura, 204 AD3d at 723).
Here, contrary to the Supreme Court's conclusion, the record failed to demonstrate, as a matter of law, that a valid election to accelerate the entire balance of the subject debt was made in conjunction with the commencement of the 2009 foreclosure action, so as to start the statute of limitations running at that time. Since neither party submitted to the court the complaint in the 2009 [*2]action, there was no evidence to demonstrate that the plaintiff in that prior action elected to call due the entire amount secured by the subject mortgage (see U.S. Bank, N.A. v Heirs & Distributees of the Estate of Morris Kaplan, 197 AD3d 593, 594; U.S. Bank, N.A. v DeGroat, 186 AD3d 1454, 1455; Solomon v HSBC Bank USA, N.A., 185 AD3d 860, 863; Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844). In the absence of such proof, the court erred in concluding, as a matter of law, that the instant action was time-barred.
Accordingly, we reverse so much of the order as, in effect, searched the record and awarded summary judgment to the defendants dismissing the complaint.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court