■ LOUIS GALANOS, Doing Business as PARAMOUNT AMUSEMENT AND VENDING COMPANY, Appellant, v ROBERT CIFONE et al., Respondents. [41 NYS3d 536]—

In an action to recover damages for tortious interference with contractual relations, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Forman, J.), dated August 4, 2014, which, upon a decision of the same court dated December 3, 2013, made after a nonjury trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action alleging tortious interference with the plaintiff's contract with Gallagher's Bar & Grille, Inc., and substituting therefor a provision in favor of the plaintiff and against the defendants on the issue of liability on that cause of action; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Dutchess County, for a determination on the issue of damages on the cause of action alleging tortious interference with the plaintiff's contract with Gallagher's Bar & Grille, Inc., and entry of an appropriate amended judgment thereafter.

The parties to this action are competitors in the vending and amusement machine business. The plaintiff alleges that the defendants tortiously interfered with its contracts to provide such machines to four of its customers, including Gallagher's Bar & Grille, Inc. (hereinafter Gallagher's).

At issue here is whether the plaintiff established damages, which is an essential element of tortious interference with contractual relations. The Supreme Court properly determined that the plaintiff failed to prove damages with regard to three of the four contracts at issue (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). The plaintiff introduced into evidence as proof of damages arbitration awards and settlements reached in actions against the four customers at issue. However, the defendants were not a party to the plaintiff's actions against the customers, or the resulting arbitration proceedings, and therefore did not have a full and fair opportunity to litigate the

issue of damages there (*see Buechel v Bain*, 97 NY2d 295, 304-305 [2001]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *Matter of Juan C. v Cortines*, 89 NY2d 659, 667-668 [1997]; *Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]; *Strough v Incorporated Vil. of W. Hampton Dunes*, 78 AD3d 1037 [2010]). Similarly, with regard to the Gallagher's contract, the plaintiff may not rely on an arbitration award obtained in a separate action commenced against Gallagher's for breach of contract, when the defendants here were not a party to that action or the arbitration.

With regard to the Gallagher's contract, however, there was also testimony at trial as to damages, which the defendants do not dispute. In particular, there was evidence as to the terms of the subject contract, the plaintiff's share of the proceeds for each machine, and the length of time Gallagher's was in the business of using such machines. This evidence was sufficient to establish the element of damages and the defendants' liability for tortious interference with the plaintiff's contract with Gallagher's. We therefore remit the matter to the Supreme Court, Dutchess County, for a determination on the issue of damages on that cause of action.

The Supreme Court properly determined that the defendants' conduct did not rise to the level of culpability warranting an award of punitive damages (*see Marinaccio v Town of Clarence*, 20 NY3d 506, 511 [2013]; *Gellman v Seawane Golf & Country Club, Inc.*, 24 AD3d 415, 418 [2005]). Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.