Citibank, N.A. v Martinez (2021 NY Slip Op 04901)





Citibank, N.A. v Martinez


2021 NY Slip Op 04901


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-02799
 (Index No. 24748/09)

[*1]Citibank, N.A., etc., appellant, 
v
Luz E. Martinez, respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Virginia Grapensteter and Austin T. Shufelt of counsel), for appellant.
New York Legal Assistance Group, New York, NY (Beth E. Goldman and Julie Anne Howe of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 10, 2019. The order, insofar as appealed from, denied the plaintiff's motion for leave to renew its application pursuant to CPLR 306-b to extend its time to serve the defendant Luz E. Martinez with the summons and complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
A motion for leave to renew "shall be identified specifically as such" and "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][1], [2]). Here, the plaintiff's motion for leave to renew its application pursuant to CPLR 306-b to extend the time to serve the defendant Luz E. Martinez (hereinafter the defendant) with the summons and complaint was specifically identified as such, and was supported by "new facts not offered on the prior motion" (CPLR 2221[e][2]). Thus, the motion was properly considered a motion for leave to renew, and was not, in actuality, one for leave to reargue, the denial of which is not appealable (cf. Solomon v HSBC Bank USA N.A., 185 AD3d 860, 861).
However, the plaintiff failed to demonstrate that the new evidence would have changed the prior determination (see U.S. Bank, N.A. v Laulicht, 176 AD3d 892). In this case, a judgment of foreclosure and sale was entered in September 2010, but the plaintiff only sought to enforce that judgment nearly six years later, and only then was the defective service of process upon the defendant discovered. The record demonstrates that there was no good cause shown for an extension of time to serve the summons and complaint upon the defendant pursuant to CPLR 306-b, since the plaintiff's attempt at service was defective (see Estate of Fernandez v Wyckoff Hgts Med. Ctr., 162 AD3d 742, 743), and it was unable to prove otherwise since it was unable to produce the process server to testify at the traverse hearing. Further, in view of the plaintiff's extensive delay, an extension of time to serve the defendant pursuant to CPLR 306-b is not warranted in the interest of justice.
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to [*2]renew its application pursuant to CPLR 306-b for an extension of time to serve the defendant.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.

2019-02799 DECISION & ORDER ON MOTION
Citibank, N.A., etc., appellant, v Luz E. Martinez,
respondent, et al., defendants.
(Index No. 24748/09)

Motion by the defendant Luz E. Martinez to dismiss the appeal from the order entered January 10, 2019, on the ground that no appeal lies from an order denying reargument. By decision and order on motion dated March 18, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court