Bank of N.Y. Mellon v Lewis (2021 NY Slip Op 07278)





Bank of N.Y. Mellon v Lewis


2021 NY Slip Op 07278


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-11967
 (Index No. 50543/17)

[*1]Bank of New York Mellon, etc., respondent,
v
Jake Lewis, appellant, et al., defendants.


Jake Lewis, Mount Vernon, NY, appellant pro se.
Hinshaw & Culbertson LLP, New York, NY (Robert D. Bailey of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jake Lewis appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 19, 2019. The order denied that defendant's motion for leave to reargue and renew (1) his opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in an order and judgment of foreclosure and sale (one paper) of the same court dated July 3, 2019, and (2) his prior cross motion to reject the referee's report, which had been denied in the order and judgment of foreclosure and sale.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendant Jake Lewis which was for leave to reargue is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this action to foreclose a mortgage, the defendant Jake Lewis (hereinafter the defendant) moved for leave to reargue and renew his opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in an order and judgment of foreclosure and sale dated July 3, 2019, and his prior cross motion to reject the referee's report, which had been denied in the order and judgment of foreclosure and sale. In an order dated September 19, 2019, the Supreme Court denied the defendant's motion for leave to reargue and renew, and the defendant appeals.
The appeal from so much of the order as denied that branch of the defendant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Doctors for Surgery, PLLC v Aristide, 192 AD3d 991).
A motion for leave to renew must "be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and must "contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Kugler [*2]v Kugler, 174 AD3d 876, 877). Here, the defendant failed to establish that the new evidence he offered in support of his motion would have changed the prior determination (see Citibank, N.A. v Martinez, 197 AD3d 1086). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew his opposition to the plaintiff's prior motion to confirm the referee's report and for a judgment of foreclosure and sale, and his prior cross motion to reject the referee's report.
The defendant's contention that the Supreme Court erred in denying his motion to strike an affirmation and an affidavit submitted by the plaintiff in opposition to his cross motion to reject the referee's report is not properly before us, as that motion was not determined in the order appealed from.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court