Dual-Purpose Corp. v Hadjandreas (2022 NY Slip Op 02113)





Dual-Purpose Corp. v Hadjandreas


2022 NY Slip Op 02113


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-07970
2018-14198
 (Index No. 602818/16)

[*1]Dual-Purpose Corporation, et al., appellants,
v
Michael Hadjandreas, et al., respondents, et al., defendant.


Goldman & Maurer, LLP, Great Neck, NY (Ellen W. Maurer of counsel), for appellants.
Jaspan Schlesinger, LLP, Garden City, NY (Jessica M. Baquet, Daniel E. Shapiro, and Jillian L. McNeil of counsel), for respondents Michael Hadjandreas, Andrew Hadjandreas, and Unique Mechanical Corp., and defendant Sharon Hadjandreas.
Landman Corsi Ballaine & Ford, P.C., New York, NY (Sophia Y. Ree of counsel), for respondent Anthony E. Falcone, Jr., CPA, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated May 8, 2018, and (2) an order of the same court dated October 2, 2018. The order dated May 8, 2018, insofar as appealed from, granted that branch of the motion of the defendants Michael Hadjandreas, Andrew Hadjandreas, and Unique Mechanical Corp. which was, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and the separate motion of the defendant Anthony E. Falcone, Jr., CPA, P.C., in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013. The order dated October 2, 2018, insofar as appealed from, (a) denied those branches of the plaintiffs' motion which were for leave to reargue and renew their opposition to that branch of the motion of the defendants Michael Hadjandreas, Andrew Hadjandreas, and Unique Mechanical Corp. which was, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and the separate motion of the defendant Anthony E. Falcone, Jr., CPA, P.C., in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, (b), in effect, denied that branch of the plaintiffs' motion which was for leave to renew their opposition to that branch of the motion of the defendants Michael Hadjandreas, Andrew Hadjandreas, and Unique Mechanical Corp. which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated before April 22, 2013, and that branch of the motion of the defendant Anthony E. Falcone, Jr., CPA, P.C., which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging aiding and abetting breach of [*2]fiduciary duty as was based on funds that allegedly were misappropriated before April 22, 2013, which had, in effect, been granted in an order of the same court dated November 9, 2016, and (c), upon renewal, vacated so much of the order dated May 8, 2018, as denied that branch of the prior motion of the defendants Michael Hadjandreas, Andrew Hadjandreas, and Unique Mechanical Corp. which was for summary judgment dismissing the cause of action alleging tortious interference with contract, and thereupon granted that branch of the prior motion.
ORDERED that the order dated May 8, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated October 2, 2018, as denied those branches of the plaintiffs' motion which were for leave to reargue their opposition to that branch of the motion of the defendants Michael Hadjandreas, Andrew Hadjandreas, and Unique Mechanical Corp. which was, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and the separate motion of the defendant Anthony E. Falcone, Jr., CPA, P.C., in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated October 2, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff Steve Diamantakes is the owner and sole director, officer, and shareholder of the plaintiff Dual-Purpose Corporation (hereinafter DPC), which is engaged in the business of installing and servicing HVAC equipment. In the late 1970s or early 1980s, the defendant Michael Hadjandreas (hereinafter Michael) began working at DPC. In 2005, the defendant Andrew Hadjandreas (hereinafter Andrew), Michael's son, also began working at DPC. While they were working at DPC, Michael and Andrew were added as signatories on DPC's corporate bank accounts. Also while Michael and Andrew were working at DPC, the defendant Anthony E. Falcone, Jr., CPA, P.C. (hereinafter Falcone), performed accounting services for DPC. In or about 2013 and 2014, Michael and Andrew engaged in negotiations with Diamantakes about potentially purchasing DPC. In 2014, Michael and Andrew formed the defendant Unique Mechanical Corp. (hereinafter Unique). In May 2015, Andrew and Michael resigned from their employment with DPC. At the time of their resignation in May 2015, Michael was DPC's service manager and Andrew was a general manager.
On April 22, 2016, DPC commenced this action against, among others, Michael, Andrew, Unique (hereinafter collectively the Unique defendants), and Falcone. A second amended complaint added Diamantakes as a plaintiff, and asserted, inter alia, a cause of action alleging breach of fiduciary duty against Michael and Andrew, a cause of action alleging that Falcone aided and abetted Michael's and Andrew's breach of fiduciary duty, and a cause of action alleging tortious interference with contract against the Unique defendants. The Unique defendants and Falcone separately moved pursuant to CPLR 3211(a) to dismiss those causes of action insofar as asserted against each of them. In an order dated November 9, 2016, the Supreme Court, inter alia, in effect, granted that branch of the Unique defendants' motion which was to dismiss so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated before April 22, 2013, and that branch of Falcone's motion which was to dismiss so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated before April 22, 2013, and denied those branches of those motions which were to dismiss so much of those causes of action as were based on funds that allegedly were misappropriated on or after April 22, 2013. The court also denied that branch of the Unique defendants' motion which was to dismiss the cause of action alleging tortious interference with [*3]contract.
Thereafter, the Unique defendants moved, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and the cause of action alleging tortious interference with contract. Falcone separately moved, in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013. In an order dated May 8, 2018, the Supreme Court granted that branch of the Unique defendants' motion which was, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and Falcone's motion, in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and denied that branch of the Unique defendants' motion which was for summary judgment dismissing the cause of action alleging tortious interference with contract.
Subsequently, the plaintiffs moved for leave to reargue and renew their opposition to that branch of the Unique defendants' motion which was, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and Falcone's motion, in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013. The plaintiffs also sought leave to renew their opposition to that branch of the Unique defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging breach of fiduciary duty, and that branch of Falcone's motion which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging aiding and abetting breach of fiduciary duty, as were based on funds that allegedly were misappropriated before April 22, 2013. The Unique defendants cross-moved, inter alia, for leave to renew that branch of their prior motion which was for summary judgment dismissing the cause of action alleging tortious interference with contract. In an order dated October 2, 2018, the Supreme Court denied the plaintiffs' motion, granted that branch of the Unique defendants' cross motion which was for leave to renew and, upon renewal, granted that branch of their prior motion which was for summary judgment dismissing the cause of action alleging tortious interference with contract.
The plaintiffs appeal from the May 8, 2018 and October 2, 2018 orders.
The Supreme Court properly granted that branch of the Unique defendants' motion which was, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and Falcone's separate motion, in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013. The Unique defendants demonstrated, prima facie, that Michael and Andrew did not breach any fiduciary duty, and Falcone demonstrated, prima facie, that he did not aid or abet a breach of fiduciary duty (see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The denial of a motion for leave to reargue is not appealable and, therefore, the appeal by the plaintiffs from so much of the order dated October 2, 2018, as denied those branches of their motion which were for leave to reargue must be dismissed (see Unkechaug Indian Nation v Treadwell, 192 AD3d 729, 734) .
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). Here, the plaintiffs failed to demonstrate that any of the alleged new facts provided by them would have changed the prior determinations (see Citibank, N.A. v Martinez, 197 AD3d 1086). Accordingly, the Supreme Court [*4]properly denied those branches of the plaintiffs' motion which were for leave to renew their opposition to that branch of the Unique defendants' motion which was, in effect, for summary judgment dismissing so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013, and Falcone's separate motion, in effect, for summary judgment dismissing so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated on or after April 22, 2013. The court also properly, in effect, denied that branch of the plaintiffs' motion which was for leave to renew their opposition to that branch of the Unique defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging breach of fiduciary duty as was based on funds that allegedly were misappropriated before April 22, 2013, and that branch of Falcone's motion, which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging aiding and abetting breach of fiduciary duty as was based on funds that allegedly were misappropriated before April 22, 2013.
Upon renewal, the Supreme Court properly granted that branch of the Unique defendants' prior motion which was for summary judgment dismissing the cause of action alleging tortious interference with contract. Damages are an essential element of a cause of action alleging tortious interference with contract (see generally Galanos v Cifone, 144 AD3d 860, 860). Here, the Unique defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs did not sustain any damages, as the contracts at issue provided for payment in full in advance of services being rendered. Moreover, the Unique defendants demonstrated that Michael's and Andrew's conduct did not rise to the level of "malice or wrongful conduct," which is required when contracts are terminable upon notice, as was the case here (Waste Servs. v Jamaica Ash & Rubbish Removal Co., 262 AD2d 401, 402; see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
In light of our determination, we need not reach the plaintiffs' remaining contention.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court