Deutsche Bank Natl. Trust Co. v Futerman (2022 NY Slip Op 03371)





Deutsche Bank Natl. Trust Co. v Futerman


2022 NY Slip Op 03371


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-07809
2018-07810
 (Index No. 104508/08)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Deborah Futerman, et al., appellants, et al., defendants.


Marc E. Scollar, Staten Island, NY, for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Deborah Futerman, Nir Zeer, and Debra Zeer appeal from (1) an order of the Supreme Court, Richmond County (Anthony I. Giacobbe, J.), dated January 3, 2012, and (2) an order of the same court (Charles M. Troia, J.) dated December 1, 2017. The order dated January 3, 2012, insofar as appealed from, denied those branches of the motion of the defendants Deborah Futerman and Nir Zeer which were for leave to renew and reargue those branches of their prior motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Anthony I. Giacobbe, J.) dated March 10, 2009, and a judgment of foreclosure and sale of the same court (Anthony I. Giacobbe, J.) dated July 28, 2009, and to dismiss the complaint insofar as asserted against them, which had been denied in an order of the same court (Anthony I. Giacobbe, J.) dated February 1, 2011. The order dated December 1, 2017, insofar as appealed from, granted those branches of the motion of Aurora Loan Services, LLC, the plaintiff's predecessor in interest, which were to substitute, nunc pro tunc, a new affidavit of merit and to ratify the order dated March 10, 2009, and the judgment of foreclosure and sale, and denied the cross motion of the defendants Deborah Futerman, Nir Zeer, and Debra Zeer (a) to vacate the judgment of foreclosure and sale, (b) for leave to renew and reargue those branches of the prior motion of the defendants Deborah Futerman and Nir Zeer which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, which had been denied in the order dated February 1, 2011, and (c) for leave to renew and reargue those branches of the prior motion of the defendants Deborah Futerman and Nir Zeer which were for leave to renew and reargue those branches of their prior motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, which had been denied in the order dated January 3, 2012.
ORDERED that the appeal by the defendant Debra Zeer from the order dated January 3, 2012, is dismissed, as that defendant is not aggrieved by that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the appeal by the defendants Deborah Futerman and Nir Zeer from so much of the order dated January 3, 2012, as denied that branch of their motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the appeal from so much of the order dated December 1, 2017, as denied those branches of the cross motion of the defendants Deborah Futerman, Nir Zeer, and Debra Zeer which were for leave to reargue is dismissed; and it is further,
ORDERED that the orders dated January 3, 2012, and December 1, 2017, are affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On June 30, 2003, the defendants Deborah Futerman and Nir Zeer (hereinafter together the borrowers) executed a note in the amount of $350,000. The debt was secured by a mortgage on real property located in Staten Island.
On November 10, 2008, Aurora Loan Services, LLC (hereinafter Aurora), the plaintiff's predecessor in interest, commenced this action to foreclose the mortgage. The borrowers failed to answer the complaint, and in an order dated March 10, 2009, the Supreme Court granted Aurora's motion, inter alia, for an order of reference. A judgment of foreclosure and sale was issued on July 28, 2009.
In October 2010, the borrowers moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale for lack of personal jurisdiction, and to dismiss the complaint insofar as asserted against them. In an order dated February 1, 2011, the Supreme Court denied the borrowers' motion. The court determined that certain of the borrowers' sworn allegations and supporting documents regarding improper service of process were not included in their moving papers, but rather were improperly submitted for the first time in reply, and therefore, the court declined to consider the reply papers.
Thereafter, in August 2011, the borrowers moved, inter alia, for leave to renew and reargue those branches of their prior motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them. In an order dated January 3, 2012, the Supreme Court, inter alia, denied those branches of the borrowers' motion, determining that they had neither presented any new facts that would change the prior determination nor demonstrated that the court overlooked or misapprehended the relevant facts or the law. The borrowers appeal from this order.
In October 2017, Aurora moved, inter alia, to substitute, nunc pro tunc, a new affidavit of merit in place of the affidavits of merit submitted in support of its prior motion, inter alia, for an order of reference and prior motion for a judgment of foreclosure and sale, and to ratify the order dated March 10, 2009, and the judgment of foreclosure and sale. In November 2017, the borrowers and the defendant Debra Zeer (hereinafter collectively the defendants) cross-moved (1) to vacate the judgment of foreclosure and sale, (2) for leave to renew and reargue those branches of the borrowers' prior motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, and (3) for leave to renew and reargue those branches of the borrowers' prior motion which were for leave to renew and reargue those branches of their prior motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them. In an order dated December 1, 2017, the Supreme Court granted Aurora's motion and denied the defendants' cross motion. The defendants appeal from this order.
Contrary to the plaintiff's contention, the borrowers' appeal from the order dated January 3, 2012, was timely. "An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof" (CPLR 5513[a]). Here, the record reflects that the order dated January 3, 2012, was not served with notice of entry until the borrowers effectuated service of the order upon the plaintiff on May 22, 2018, the same day the [*2]borrowers served the plaintiff with the notice of appeal from that order. Therefore, the appeal was timely taken pursuant to CPLR 5513(a).
The borrowers' appeal from so much of the order dated January 3, 2012, as denied that branch of their motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Doctors for Surgery, PLLC v Aristide, 192 AD3d 991). The appeal from so much of the order dated December 1, 2017, as denied those branches of the defendants' cross motion which were for leave to reargue must also be dismissed, as no appeal lies from an order denying reargument (see id.).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). Here, in support of those branches of the borrowers' August 2011 motion and the defendants' November 2017 cross motion which were for leave to renew those branches of the borrowers' October 2010 motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, the borrowers and the defendants, respectively, failed to present any new facts not offered on the October 2010 motion that would have changed the prior determination made in the order dated February 1, 2011 (see Citibank, N.A. v Martinez, 197 AD3d 1086). Similarly, in support of that branch of the defendants' November 2017 cross motion which was for leave to renew those branches of the borrowers' August 2011 motion which were for leave to renew and reargue those branches of their October 2010 motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, the defendants failed to present any new facts not offered on the August 2011 motion that would have changed the prior determination made in the order dated January 3, 2012 (see Citibank, N.A. v Martinez, 197 AD3d 1086). Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the borrowers' August 2011 motion and the defendants' November 2017 cross motion which were for leave to renew.
Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting those branches of Aurora's motion which were to substitute, nunc pro tunc, a new affidavit of merit in place of the affidavits of merit submitted in support of its prior motion, inter alia, for an order of reference and prior motion for a judgment of foreclosure and sale, and to ratify the order dated March 10, 2009, and the judgment of foreclosure and sale. "At any stage of an action, . . . the court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularly shall be disregarded" (CPLR 2001). "A judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party" (CPLR 5019[a]). Here, no substantial right of the defendants was affected by the substitution of the new affidavit of merit (see HSBC USA, N.A. v Chernilas, 161 AD3d 1057, 1059; US Bank, N.A. v Steele, 142 AD3d 1161, 1162-1163; U.S. Bank N.A. v Lomuto, 140 AD3d 852, 853).
The defendants' remaining contention is without merit.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court