U.S. Bank N.A. v Montalvo (2023 NY Slip Op 02907)

U.S. Bank N.A. v Montalvo

2023 NY Slip Op 02907

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-14298
 (Index No. 605453/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Jennifer Montalvo, et al., appellants, et al., defendants.

Christopher Thompson, West Islip, NY, for appellants.
Gross Polowy (Reed Smith, LLP, New York, NY [Michael V. Margarella, Andrew B. Messite, and Yimell Suarez], of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Jennifer Montalvo and Alex Montalvo appeal from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated November 4, 2019. The order denied those defendants' motion for leave to reargue and renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer and dismiss their counterclaims, and for an order of reference, and their prior cross-motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, which were determined in two orders of the same court dated March 20, 2019.

DECISION & ORDER
Cross-motion by the plaintiff to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated December 28, 2020, the cross-motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross-motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the cross-motion which is to dismiss the appeal from so much of the order dated November 4, 2019, as denied that branch of the motion of the defendants Jennifer Montalvo and Alex Montalvo which was for leave to reargue is granted, and the cross-motion is otherwise denied; and it is further,
ORDERED that the appeal from so much of the order dated November 4, 2019, as denied that branch of the motion of the defendants Jennifer Montalvo and Alex Montalvo which was for leave to reargue is dismissed; and it is further,
ORDERED that the order dated November 4, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2015, the plaintiff commenced this action to foreclose a mortgage encumbering real property located in Patchogue. In two orders, both dated March 20, 2019 (hereinafter the March [*2]2019 orders), the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Jennifer Montalvo and Alex Montalvo (hereinafter together the defendants), to strike their answer and dismiss their counterclaims, and for an order of reference, and denied the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them or, alternatively, for leave to amend their answer to assert a statute of limitations defense. The defendants subsequently moved for leave to reargue and renew their opposition to those branches of the plaintiff's prior motion and their prior cross-motion. In an order dated November 4, 2019, the court denied the defendants' motion for leave to reargue and renew. The defendants appeal.
We must dismiss the appeal from so much of the November 4, 2019 order as denied that branch of the defendants' motion which was for leave to reargue, "as no appeal lies from an order denying reargument" (U.S. Bank N.A. v Ford, 208 AD3d 1199, 1200; see U.S. Bank Trust, N.A. v Hussain, 207 AD3d 778, 779).
The Supreme Court properly denied that branch of the defendants' motion which was for leave to renew since, contrary to their contention, they did not show that there had been a change in the law (see US Bank N.A. v Singer, 145 AD3d 1057, 1058-1059; Cenlar, FSB v Weisz, 136 AD3d 855, 856) since the filing of their opposition to the plaintiff's prior motion or their prior cross-motion (see PHH Mtge. Corp. v Shouela, 210 AD3d 815, 816).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court