HSBC Bank USA, N.A. v Hayon (2024 NY Slip Op 01701)

HSBC Bank USA, N.A. v Hayon

2024 NY Slip Op 01701

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-05399
 (Index No. 502733/15)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Rafi Hayon, appellant, et al., defendants.

Michael R. Curran, Flushing, NY, for appellant.
Woods Oviatt Gilman, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Rafi Hayon appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 23, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were for leave to reargue and renew his prior motion to dismiss the complaint insofar as asserted against him, which had been denied in an order of the same court dated April 1, 2016.

DECISION & ORDER
Motion by the plaintiff to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated October 2, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that the appeal from so much of the order dated May 23, 2018, as denied that branch of the motion of the defendant Rafi Hayon which was for leave to reargue is dismissed, and the motion is otherwise denied; and it is further,
ORDERED that the order dated May 23, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On March 10, 2015, the plaintiff commenced this action against the defendant Rafi Hayon (hereinafter the defendant), among others, to foreclose a mortgage on a condominium unit located in Brooklyn. The defendant moved, pre-answer, to dismiss the complaint insofar as asserted against him on various grounds, including lack of standing. The plaintiff opposed the motion, arguing, among other things, that it had standing as both the holder and the assignee of the mortgage and underlying note when the action was commenced. In an order dated April 1, 2016, the Supreme Court denied the motion.
Thereafter, the defendant moved, inter alia, for leave to reargue and renew his prior motion. In an order dated May 23, 2018, the Supreme Court, among other things, denied those branches of the motion which were for leave to reargue and renew. The defendant appeals.
The appeal from so much of the order dated May 23, 2018, as denied that branch of the defendant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see U.S. Bank N.A. v Montalvo, 216 AD3d 1204, 1206).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). Here, the defendant's motion was supported by "new facts not offered on the prior motion" (id.). Thus, contrary to the plaintiff's contention, the motion was not, in actuality, only one for leave to reargue, the denial of which is not appealable (see Citibank, N.A. v Martinez, 197 AD3d 1086, 1086-1087; cf. Solomon v HSBC Bank USA, N.A., 185 AD3d 860, 861).
However, the defendant failed to demonstrate that the new evidence submitted in support of the motion would have changed the prior determination made in the order dated April 1, 2016 (see Dual-Purpose Corp. v Hadjandreas, 203 AD3d 1134, 1138; Citibank, N.A. v Martinez, 197 AD3d at 1087). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew.
The defendant's remaining contentions are not properly before this Court.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court