Aloi v Tobal (2025 NY Slip Op 01202)

Aloi v Tobal

2025 NY Slip Op 01202

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-04884
 (Index No. 34479/17)

[*1]Joseph Aloi, appellant, 
v
Manuel R. Tobal, Jr., et al., respondents, et al., defendants.

Berkman, Henoch, Peterson & Peddy P.C., Garden City, NY (Megan K. McNamara, Hillary Prada, and Rajdai Singh of counsel), for appellant.
Joseph A. Altman, P.C., Fleetwood, NY, for respondents.
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 8, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to reargue and renew his opposition to the prior motion of the defendants Manuel R. Tobal, Jr., Jesus R. Landaez, Maria Elena Nunez, and Tierra Mar & Fuego, LLC, for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim for an award of attorneys' fees, which had been granted in an order of the same court dated February 4, 2020, and those branches of his prior cross-motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, which had been denied in the order dated February 4, 2020, and awarded attorneys' fees to those defendants in the sum of $9,725.

DECISION & ORDER
Motion by the defendants Manuel R. Tobal, Jr., Jesus R. Landaez, Maria Elena Nunez, and Tierra Mar & Fuego, LLC, to dismiss the appeal on the ground, inter alia, that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated December 13, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted to the extent that the appeal from so much of the order dated June 8, 2021, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, and the motion is otherwise denied; and it is further,
ORDERED that the order dated June 8, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Manuel R. Tobal, Jr., Jesus R. Landaez, Maria Elena Nunez, and Tierra Mar & Fuego, LLC.
In September 2017, the plaintiff commenced this action against the defendants [*2]Manuel R. Tobal, Jr., Jesus R. Landaez, Maria Elena Nunez, and Tierra Mar & Fuego, LLC (hereinafter collectively the defendants), among others, to foreclose a mortgage on certain real property located in the Bronx. The defendants interposed an answer, asserting as an affirmative defense, inter alia, the expiration of the statute of limitations, as well as a counterclaim for an award of attorneys' fees. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that the action was time-barred, and on their counterclaim for an award of attorneys' fees. The plaintiff opposed the defendants' motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated February 4, 2020, the Supreme Court, among other things, granted the defendants' motion and denied those branches of the plaintiff's cross-motion as academic.
Thereafter, the plaintiff moved, inter alia, for leave to reargue and renew his opposition to the defendants' prior motion and those branches of his prior cross-motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. By order dated June 8, 2021, the Supreme Court, among other things, denied those branches of the plaintiff's motion and awarded attorneys' fees to the defendants in the sum of $9,725. The plaintiff appeals.
The appeal from so much of the order dated June 8, 2021, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see U.S. Bank N.A. v Montalvo, 216 AD3d 1204, 1206).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Wilmington Sav. Fund Socy. FSB v Khandaker, 217 AD3d 729, 730). Here, the plaintiff failed to demonstrate that the new facts submitted in support of that branch of his motion which was for leave to renew would have changed the Supreme Court's prior determination to grant that branch of the defendants' prior motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred (see HSBC Bank USA, N.A. v Hayon, 225 AD3d 842, 844; Dual-Purpose Corp. v Hadjandreas, 203 AD3d 1134, 1138). The plaintiff also failed to provide a reasonable justification for his failure to present the allegedly new facts supporting renewal in opposition to the defendants' prior motion (see HSBC Bank USA, N.A. v Krebs, 219 AD3d 1417, 1419). Accordingly, the court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' prior motion (see CPLR 2221[e][2], [3]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court